UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAQUAN TIRELL BOONE,                    *

    Plaintiff,                          *

v.                                      *          Civil Action No. EA-25-1958

ENDOSCOPY CENTER OF BEL AIR,            *

    Defendant.                          *

**MEMORANDUM OPINION**

Plaintiff Daquan Tirell Boone, who is self-represented, initiated the above-captioned case against Defendant Endoscopy Center of Bel Air (the Endoscopy Center) on June 18, 2025.[1]  ECF No. 1.  On August 12, 2025, Mr. Boone filed an Amended Complaint, in which he asserts violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and Maryland law.  ECF No. 12.  Pending before the Court are the Endoscopy Center's motion for summary judgment and Mr. Boone's motion to withdraw or amend admissions, both of which are fully briefed.[2]  ECF Nos. 43, 45–46.  No hearing is necessary.  Local Rule 105.6 (D. Md. Dec. 1, 2025).  For the reasons set forth below, Mr. Boone's motion to withdraw or amend admissions is granted and the Endoscopy Center's motion for summary judgment is denied.

## I.    BACKGROUND

In his Amended Complaint, Mr. Boone alleges that on March 17, 2016, he underwent a medical procedure at the Endoscopy Center and returned for a follow-up visit on April 19, 2016.

---

[1]  This case was reassigned to the undersigned on December 15, 2025, after the parties consented to proceed before a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c).  ECF Nos. 29–30, 32.

[2]  Plaintiff Daquan Tirell Boone filed a response in opposition to Defendant Endoscopy Center at Bel Air's (the Endoscopy Center) motion for summary judgment.  ECF No. 45.  The Endoscopy Center did not file a reply to its motion for summary judgment or respond to Mr. Boone's motion to withdraw or amend admissions and the time for doing so has elapsed.  Local Rule 105.2(a) (D. Md. Dec. 1, 2025).

ECF No. 12 at 1–2.[3]  Mr. Boone asserts that he had "active State of Maryland insurance coverage during those service dates."  *Id*. at 1. Mr. Boone contends that the Endoscopy Center "represented to insurers, debt collectors, and the court" that the date of the medical procedure was November 15, 2015, which was a date "prior to coverage thereby causing insurance denial and wrongful debt collection."  *Id*.  Mr. Boone argues that the Endoscopy Center's misrepresentation "caused insurance to deny payment for covered services" and "directly resulted in a judgment and wage garnishment for amounts not lawfully owed" in violation of the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, *et seq*.; Maryland Consumer Debt Collection Act, Md. Code, Com. Law § 14-201, *et seq*.; and the Maryland Consumer Protection Act, Md. Code, Com. Law § 13-101, *et seq*.  *Id*. at 1–3.  Mr. Boone seeks a vacatur of the prior judgment and wage garnishment, a return of any amounts collected through the wage garnishment, and damages under the aforementioned statutes.  *Id*. at 3.

## II.    DISCUSSION

The Endoscopy Center seeks entry of summary judgment on Mr. Boone's Fair Debt Collection Practices Act claim based on Mr. Boone's failure to respond to requests for admission and Mr. Boone seeks to withdraw or amend admissions.  ECF Nos. 43-1 at 1; 46.  These motions are addressed in turn below, following an overview of the applicable standards of review.

Summary judgment motion practice "is properly regarded . . . as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).  Federal Rule of Civil Procedure 56 provides that the district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact

---

[3]  Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original). A material fact is one that "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Thus, to defeat summary judgment, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat. Bank of Ariz.* v. *Cities Serv. Co.*, 391 U.S. 253, 288-289 (1968). On the other hand, summary judgment "is justified if, from the totality of the evidence presented, including pleadings, depositions, answers to interrogatories, and affidavits, the court is satisfied that there is no genuine factual issue for trial and the moving party is entitled to judgment as a matter of law." *Sylvia Dev. Corp.* v. *Calvert Cnty., Md.*, 48 F.3d 810, 817 (4th Cir. 1995).

Federal Rule of Civil Procedure 36 governs requests for admission. This rule provides that a "party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of" permissible discovery relating to, as relevant here, "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1) (citing Fed. R. Civ. P. 26(b)(2)). Rule 36 provides that, unless otherwise stipulated or ordered by a court, a matter is deemed admitted unless the party served answers or objects within 30 days after being served with a request for admission. Fed. R. Civ. P. 36(a)(3); *Lynn* v. *Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 363 (D. Md. 2012) ("A matter is deemed admitted if the responding party fails to timely provide a written answer or objection to the

3

request for admission."). Unanswered requests for admission may serve as the basis for summary judgment. *Vales* v. *Preciado*, 809 F. Supp. 2d 422, 426 (D. Md. 2011) (citing *Donovan* v. *Porter*, 584 F. Supp. 202, 207-208 (D. Md. 1984)).

Once admitted, a matter is "conclusively established" unless and until the Court permits the withdrawal or amendment of the admission. Fed. R. Civ. P. 36(b); *Vales*, 809 F. Supp. 2d at 426. District courts have "considerable discretion over withdrawal of admissions." *Kress* v. *Food Emp'rs Labor Relations Ass'n*, 285 F. Supp. 2d 678, 681 (D. Md. 2003) (internal quotation and citation omitted). To be sure, "a self-represented litigant is not excused from following the Federal Rules of Civil Procedure or the Local Rules." *Qiydaar* v. *People Encouraging People, Inc.*, Civil Action No. ELH-17-1622, 2020 WL 4286831, at *3 (D. Md. July 27, 2020). Nevertheless, this Court has been "reluctant to grant summary judgment against a pro se defendant based solely upon his failure to comply with the discovery requirements of the Federal Rules of Civil Procedure." *United States v. Turk*, 139 F.R.D. 615, 617 (D. Md. 1991)), *aff'd* 391 F.3d 563 (4th Cir. 2004); *see also Union Pac. R. Co.* v. *Baltimore & Annapolis R. Co.*, Civil Action No. SKG-08-2685, 2009 WL 3633349, at *2 (D. Md. Oct. 27, 2009) ("While the Court has broad discretion concerning the withdrawal of admissions that have been made by operation of Rule 36, it hesitates to allow such default admissions to serve as the basis for summary judgment.").

A court may grant leave to withdraw or amend an admission if it would (1) "promote the presentation of the merits of the action" and (2) "if the court is not persuaded that it would prejudice the requesting party in maintaining . . . the action on the merits." Fed. R. Civ. P. 36(b). Both factors must be considered in exercising the Court's discretion under Rule 36. *Bailey* v. *Christian Broadcasting Network*, 483 Fed. Appx. 808, 810 (4th Cir. 2012). "The party opposing withdrawal or amendment bears the burden of demonstrating prejudice." *Acosta* v. *Mezcal, Inc.*,

4

Civil Action No. JKB-17-0931, 2018 WL 4188448, at *2 (D. Md. Aug. 31, 2018) (citation omitted). Prejudice in the context of this rule "does not contemplate mere delay or inconvenience, but rather the prejudice stemming from reliance on the binding effect of the admissions." *Union Pac. R. Co.*, 2009 WL 3633349, at *3 (internal quotation marks and citation omitted).

Here, the Endoscopy Center argues it served Mr. Boone with requests for admission on December 11, 2025, and that Mr. Boone never served a response. ECF No. 43-1 at 2–3. Pursuant to Rule 36(a)(3), by failing to respond, Mr. Boone's is "deemed to have admitted" (1) that defendant is not a debt collector under the Fair Debt Collection Practices Act (the Act) and (2) that Endoscopy Center did not fail to comply with the Act.[4] Fed. R. Civ. P. 36(a)(3); ECF Nos. 43-1 at 3, 43-2 at 2. These admissions would be fatal to Mr. Boone's claim because the Act provides, in relevant part, that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person." 15 U.S.C. § 1692k. Thus, if it is "conclusively established" that the Endoscopy Center is not a debt collector and did not fail to comply with the Act, there would be no genuine issue of material fact and summary judgment in favor of the Endoscopy Center would be appropriate. *Sylvia Dev. Corp.*, 48 F.3d at 817.

Decisions of this Court have found that "in the posture of summary judgment, late responses [to requests for admission] should not be summarily rejected." *Trust v. Prestige Anapolis, LLC*, Civil Action No. JMC-16-544, 2017 WL 3085680, at *5 (D. Md. July 20, 2017); *Donovan*, 584 F. Supp. at 208 ("Courts are particularly responsive to allowing late answers to requests for admission when summary judgment is involved."). The undersigned therefore turns

---

[4] The Endoscopy Center does not address Mr. Boone's state law claims and argues instead that only the Fair Debt Collection Practices Act "contains a provision for litigation within a federal court." ECF No. 43-1 at 1.

to Mr. Boone's motion to withdraw or amend admissions and his late responses before deciding the Endoscopy Center's motion for summary judgment.  ECF Nos. 46–47; *Uribe* v. *Aaron's, Inc.*, Civil Action No. GJH-14-22, 2014 WL 4851508, *3 (D. Md. Sept. 26, 2014) ("Prior to determining whether these facts, if admitted, would actually entitle Defendant to summary judgment, the Court must first decide whether Plaintiffs' failure to timely respond to Defendant's [r]equests favors the conclusive establishment of these facts against Plaintiffs.").

On March 24, 2026, Mr. Boone filed a response in opposition to Defendant's motion for summary judgment, a motion to withdraw or amend his admission, and responses to Defendant's requests for admission.[5]  ECF Nos. 45–47.  The Endoscopy Center did not respond.  There is no question that Mr. Boone's responses to the Endoscopy Center's requests for admission were late. Rule 36's 30-day deadline required Mr. Boone to respond to the Endoscopy Center's December 11, 2025 requests no later than January 10, 2026.  Mr. Boone's March 24, 2026 responses were 73 days past due.  Nevertheless, both factors—impact on the merits and prejudice—weigh in favor of granting Mr. Boone's motion to withdraw or amend his admissions.  First, as discussed above, the admissions deemed admitted would conclude this case without any consideration of the merits of Mr. Boone's federal claim.  Second, the Endoscopy Center did not oppose Mr. Boone's motion, and it has not alleged that granting the motion would prejudice it, despite having the burden to do so.  *Acosta*, 2018 WL 4188448 at *2.  Further, the Endoscopy Center has not demonstrated any "reliance on the binding effect of the admission."  *Union Pac. R. Co.*, 2009 WL 3633349 at *3; *see also Kress,* 285 F. Supp. 2d at 681 (granting a motion to withdraw default admissions and to supplement a five-month-late response where there was no prejudice from reliance on the binding effect of the admission); *Uribe*, 2014 WL 4851508, at *3 (finding

---

[5]  In his March 24, 2026 responses to requests for admissions, Mr. Boone denies both that (1) the Endoscopy Center is not a debt collector under the Fair Debt Collection Practices Act (the Act) and (2) the Endoscopy Center did not fail to comply with the Act.  ECF No. 47 at 1–2.

that it would not "further the interests of justice to deem Plaintiffs to have admitted these central facts" given the lack of prejudice to defendants and the United States Court of Appeals for the Fourth Circuit's "strong policy that cases be decided on their merits" where responses were filed 39 days late) (citing *United States* v. *Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)).

Cases in which this Court has granted summary judgment based on admissions deemed admitted under Rule 36 involve non-responsive parties, significant delays in moving to withdraw or amend admissions, or repeated discovery issues. *E.g., Vales*, 809 F. Supp. 2d at 427 (granting summary judgment on the basis of unanswered admissions under Rule 36 where one year had passed and plaintiff made no effort to object to the admissions, did not seek an extension of time to answer or withdraw them, and did not challenge them on summary judgment); *Trust*, 2017 WL 3085680, *5 (declining to accept late Rule 36 responses where the late responses prejudiced plaintiffs, defendants had ample notice of when the responses were due and lacked compelling reason justifying their untimeliness, and there were "other discovery problems"). Those issues are not present here. As this Court has previously held, "[i]t does not further the interests of justice to automatically determine all the issues in a lawsuit and enter summary judgment against a party because a deadline is missed." *Union Pac. R. Co.*, 2009 WL 3633349, at *2 (internal quotations and citation omitted).

## III.    CONCLUSION

For the foregoing reasons, Mr. Boone's motion to withdraw or amend his admissions is granted and the Endoscopy Center's motion for summary judgment is denied. A separate Order follows.

Date:  July 2, 2026           _____/s/_____

                 Erin Aslan
                 United States Magistrate Judge